UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE **Danasia Nikhol Neal (P 83076)**

_____/   Misc. No. 24-51001

## ORDER OF SUSPENSION

Danasia Nikhol Neal was automatically suspended from the practice of law by the Michigan Attorney Discipline Board after being convicted by a plea of nolo contendere to one count of Controlled Substance - Delivery/manufacture (narcotic or Cocaine) 50 to 449 Grams (Attempt) - MCL 333.7401(2)(a)(iii), a felony, in *State of Michigan v. Danasia Nikhol Neal*, Third Circuit Court of Michigan, Case No. 21-007000-01-FH effective July 22, 2024.

Accordingly, Danasia Nikhol Neal is suspended from the practice of law before the United States District Court and the United States Bankruptcy Court for the Eastern District of Michigan pursuant to E.D. Mich. LR 83.22.

Reinstatement by the United States District Court is not reciprocal to any reinstatement issued by any Attorney Discipline Board. Local Rule 83.22(i) governs reinstatement in the United States District Court (Attachment A).

A copy of this Order shall be served upon Danasia Nikhol Neal via certified mail/return receipt requested.

IT IS SO ORDERED.

_____
Sean F. Cox, Chief Judge
United States District Court

Dated: 8/28/24
Detroit, Michigan

# ATTACHMENT A

United States District Court
Eastern District of Michigan

**LR 83.22 Attorney Discipline**

**(a)** **Definitions.** The following definitions apply in this rule.

(1) "Order of discipline" means an order entered against an attorney by the Michigan Attorney Discipline Board, a similar disciplinary authority of another state, or a court

    (A) revoking or suspending an attorney's license or admission before a court to practice law,

    (B) placing an attorney on probation or inactive status,

    (C) reprimanding an attorney for misconduct,

    (D) requiring an attorney to make restitution, or

    (E) transferring an attorney to inactive status in lieu of discipline.

(2) "State" means a state, territory, commonwealth, or possession of the United States, and the District of Columbia.

(3) "Serious crime" means:

    (A) a felony.

    (B) a crime, a necessary element of which, as determined by the statutory or common law definition of the crime in the jurisdiction of the conviction, involves interference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns, willful failure to pay income tax, deceit, bribery, extortion, misappropriation, theft, or an attempt, conspiracy, or solicitation of another to commit a serious crime.

    (C) a crime that reflects adversely on the attorney's honesty, trustworthiness, or fitness as an attorney.

(4) "Chief judge" includes his or her designee.

**(b)** **Standards of Professional Conduct.** The Rules of Professional Conduct adopted by the Michigan Supreme Court, as amended from time to time, apply to members of the bar of this court and attorneys who practice in this court as permitted by LR 83.20. A violation of those rules is ground for discipline.

**(c)** **Disciplinary Proceedings.** When misconduct or allegations of misconduct that, if substantiated, would warrant discipline of an attorney who is a member of the bar of this court or has practiced in this court as permitted by LR 83.20 come to the attention of a judicial officer, including a bankruptcy judge or a magistrate judge, whether by complaint or otherwise, the judicial officer may refer the matter to:

(1) the Michigan Attorney Grievance Commission for investigation and prosecution,

(2) another disciplinary authority that has jurisdiction over the attorney, or

(3)     the chief district judge for institution of disciplinary proceedings by this court under LR 83.22(e).

**(d)     Discipline Other than Suspension or Disbarment.** In addition to the discipline authorized by (c), a judicial officer may impose discipline, except suspension or disbarment from this court, on any attorney who engages in conduct violating the Rules of Professional Conduct, these rules, the Federal Rules of Civil or Bankruptcy Procedure, or orders of the court; or engages in other conduct unbecoming of a member of the bar of this court. Prior to the imposition of discipline, the attorney shall be afforded an opportunity to show good cause, within such time as the court shall prescribe, why the discipline should not be imposed. Upon the attorney's response, and after a hearing, if requested and allowed by the judicial officer, or upon expiration of the time prescribed for a response if no response is made, the court shall enter an appropriate order. The provisions of this rule do not preclude contempt proceedings including those pursuant to 18 U.S.C. §§ 401 and 402 and Fed.R.Crim.P. 42 or proceedings under 28 U.S.C. § 1927 and Fed.R.Civ.P. 11.

**(e)     Discipline by Court After Hearing.**

(1)     **Hearing Panel.** On receipt of a request by a judicial officer under LR 83.22(c), the chief judge will assign a three judge panel to hear and determine the matter. The three judicial officers shall be randomly selected, except that the judicial officer who made the request for discipline or before whom the conduct giving rise to the request took place may not be appointed. At least one member of the panel must be a district judge.  If the alleged misconduct occurred in relation to a bankruptcy proceeding, the panel must include one bankruptcy judge. If the alleged misconduct occurred in relation to a magistrate judge's proceeding, the panel must include one magistrate judge. Otherwise the panel must consist of three district judges.  The most senior district judge will preside and has the authority to resolve issues of procedure and evidence.

(2)     **Order to Show Cause.** The panel will determine whether to issue an order to show cause. The order to show cause will include the specific facts that give rise to the proposed discipline, including the date, place and nature of the alleged misconduct, and the names of all persons involved. The clerk must mail to the attorney who is the subject of investigation a copy of the order and any supporting documents.

(3)     **Response.** The respondent must respond to the order to show cause within 21 days from entry of the order. The response must -

(A)     specifically admit or deny each factual allegation in the order and,

(B)     state specific facts on which the respondent relies, including all other material dates, places, persons and conduct, and all documents or other supporting evidence not previously filed with the order that are relevant to the charges of misconduct.

(4)     **Notice of the Hearing.** The court must give the respondent 21 days written notice of the date and location of the hearing and notice of the respondent's rights under LR 83.22(e)(6)(B).

(5)     **Discovery.** The panel may order prehearing discovery for good cause shown.

**(6)** **Hearing and Decision.**

    (A) **Prosecuting Counsel.** The chief judge must appoint an attorney to present the evidence supporting the allegations giving rise to the request for discipline when a hearing is necessary to resolve disputed facts. An attorney appointed under this rule will be paid at a rate not to exceed the Criminal Justice Act rate in effect at the time.

    (B) **Respondent's Rights.** The respondent may be represented by counsel, to present witnesses and other evidence, and to confront and cross examine adverse witnesses.

    (C) **Subpoenas.** The presiding judge may authorize a party to subpoena witnesses or documents for the hearing for good cause shown.

    (D) **Witnesses.** Witnesses must testify under oath. The judicial officer who initiated the referral may be called as a witness at the hearing at the panel's discretion.

    (E) **Burden of Proof.** The conduct giving rise to the request for discipline must be proven by a preponderance of the evidence.

    (F) **Failure to Appear.** The respondent's failure to appear at the hearing is grounds for discipline.

    (G) **Confidentiality; Recording.** The hearing will be confidential and recorded.

    (H) **Decision.** Decision is by a majority of the panel. The panel may order suspension, disbarment, or any other remedy or sanction it deems appropriate, including costs and attorney's fees. The panel will prepare a written order including the panel's findings and disposition of the disciplinary charges. The order will be a public record. The court will send the order to the respondent and the complainant.

    (7) **Appeal.** The decision of the panel will be the final decision of the district court.

    (8) **Required Notice on Suspension or Disbarment.** Within 14 days after service of an order suspending or disbarring an attorney under LR 83.22(e)(6)(H), the respondent must:

    (A) Send a copy of the order to:

        (i) the Michigan Attorney Grievance Commission,

        (ii) the licensing authority of any other state in which the respondent is licensed to practice law, and

        (iii) the clerk of every other federal court in which the respondent is admitted to practice.

    (B) Notify each client of the respondent in matters that the disciplinary action may affect of the following:

        (i) the nature and duration of the discipline;

        (ii) the effective date of the discipline;

      (iii) the attorney's inability to act as an attorney in this court after the effective date of the discipline;

      (iv) the location and identity of the custodian of the client's files and records, which will be made available to the client or to substitute counsel;

      (v) that the client may wish to seek legal advice and counsel elsewhere, but, if the attorney was a member of a law firm, the firm may continue to represent the client with the client's express written consent; and

      (vi) the address to which all correspondence to the attorney may be addressed.

    (C) In every matter in which the respondent is representing a client in litigation affected by the disciplinary action, send a copy of the order of discipline to all parties and other persons entitled to notice of matters in the litigation.

  (9) **Affidavit of Compliance.** Within 14 days after service of an order suspending or disbarring an attorney under LR 83.22(e)(6)(H), the respondent must file an affidavit with the clerk certifying compliance with LR 83.22(e)(8). The affidavit must include as an appendix copies of the disclosure notices required under LR 83.22(e)(8).

**(f)** **Attorneys Convicted of Crimes.**

 **(1)** **Serious Crimes.**

    (A) When an attorney admitted to practice before this court is convicted of a serious crime, the attorney is automatically suspended from practice in this court without further action of the court, regardless of the pendency of an appeal. A conviction occurs upon the return of a verdict of guilty or upon the acceptance of a plea of guilty or *nolo contendere.* On receipt of written notice of conviction of a serious crime of an attorney admitted to practice before this court, the chief judge will enter an order suspending the attorney. The suspension will continue until after final disposition of an appeal of the conviction, proceedings on remand after an appeal, and any disciplinary investigation and proceeding based on the conduct that resulted in the conviction. The court shall serve a copy of the order on the attorney by certified mail.

    (B) On application, the chief judge may reinstate the attorney on a showing that--

      (i) there is a jurisdictional deficiency that establishes that the suspension may not properly be ordered, such as that the crime did not constitute a serious crime or that the attorney is not the individual convicted; or

      (ii) the conviction has been reversed and there is no likelihood of further criminal prosecution or disciplinary action related to the conduct that resulted in the conviction. A reinstatement will not terminate any disciplinary investigation or proceeding based on the conduct that resulted in the conviction.

  (2) **Other Crimes.** LR 83.22(c) applies if the court receives written notice of conviction of an attorney admitted to practice before this court of a crime not constituting a serious crime.

(3) **Obligation to Report Conviction.** An attorney admitted to practice before this court must, on being convicted of a serious crime, immediately inform the clerk. If the conviction was in this court, the attorney must notify all other jurisdictions in which the attorney is admitted to practice. An attorney knowingly violating this provision may, on notice and after hearing, be found guilty of criminal contempt.

(g) **Discipline by Other Jurisdictions.**

    (1) **Order of Discipline.**

        (A) On receipt of written notice that another jurisdiction imposed discipline against an attorney admitted to practice in this court, the chief judge will enter an order imposing the same discipline, effective as of the date that the discipline was effective in the other jurisdiction. If the discipline imposed in the other jurisdiction has been stayed there, the court may defer discipline until the stay expires. If the order of discipline includes a period of suspension or disbarment, an attorney may be reinstated to this court only by application pursuant to LR 83.22(i)(1).

        (B) When this court enters an order of discipline against an attorney, the attorney must provide to the clerk a list of all other jurisdictions in which the attorney is admitted to practice.

    (2) **Application to Modify Order of Discipline.**

        (A) Within 28 days after the effective date of the order of discipline in this court, the attorney may apply to the chief judge for modification or vacation of the discipline.

        (B) The court shall modify or vacate the discipline if, on the record supporting the order of discipline in the other jurisdiction, the attorney demonstrates or the court fines that it clearly appears that--

            (i) the procedure in the other jurisdiction constituted a deprivation of due process; or

            (ii) there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not accept as final the conclusion on that subject; or

            (iii) imposing the same discipline in this court would result in grave injustice; or

            (iv) the misconduct warrants substantially different discipline.

If the court determines that any of these grounds exist, it shall order other appropriate discipline or no discipline.

    (3) **Obligation to Report Discipline.**

        (A) An attorney admitted to practice before this court appearing or participating in a pending matter must, on being subjected to an order of discipline, immediately inform the clerk of the order of discipline.

(B) An attorney admitted to practice before this court must, before appearing or participating in a matter in the court after being subjected to an order of discipline that has not previously been reported to the court, immediately inform the clerk of the order of discipline.

(C) An attorney knowingly violating this provision may, on notice and after hearing, be found guilty of criminal contempt.

(4) **Administrative Suspension and Reinstatement.** An attorney who is suspended for nonpayment of dues to the State Bar of Michigan or any other bar association on which the attorney's admission to practice in this court may be based will be automatically suspended in this court without any action by the court other than written notice to the attorney. On receipt of notice that the attorney has been reinstated for payment of dues and penalties and payment of the court's attorney renewal fee, the attorney will be automatically reinstated in this court.

**(h)  Resignation in Other Jurisdictions.**

(1) If an attorney resigns from the bar of another court of the United States or the bar of a state while an investigation into allegations of misconduct is pending,

(A) the attorney will immediately and automatically be disbarred from this court, and

(B) the attorney must promptly inform the clerk of the resignation. An attorney knowingly violating this notification provision may, on notice and after hearing, be found guilty of criminal contempt.

(2) On receipt of written notice that an attorney has resigned from the bar of another court of the United States or the bar of a state while an investigation into allegations of misconduct was pending, the chief judge will enter an order disbarring the attorney, effective as of the date of resignation in the other jurisdiction.

(3) An attorney disbarred under (h)(1)(A) may be reinstated if the attorney is readmitted in the jurisdiction from which the attorney resigned and there has been a final disposition of the investigation into allegations of misconduct without an order of discipline.

**(i)  Reinstatement.**

(1) When this court has suspended or disbarred an attorney under LR 83.22(g) or (h), the attorney may apply for reinstatement by filing in this court an affidavit that the jurisdiction that entered the order of discipline on which this court based its discipline has reinstated the attorney. When this court has suspended or disbarred an attorney under LR 83.22(e), the attorney may apply for reinstatement by filing an application for reinstatement. The affidavit or application must be accompanied by payment of the court's attorney renewal fee. The clerk will assign the affidavit or application to a panel of three judges chosen randomly from among the active and senior judges.

(2) The attorney seeking reinstatement must prove by clear and convincing evidence that-

(A) the attorney has complied with the orders of discipline of this court and all other disciplinary authorities.

    (B)  the attorney has not practiced in this court during the period of disbarment or suspension and has not practiced law contrary to any other order of discipline.

    (C)  the attorney has not engaged in any other professional misconduct since disbarment or suspension.

    (D)  the attorney has the moral qualifications, competency and learning in the law required for admission to practice before this court, and that his or her resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive of the public interest.

  (3)  The court may invite any judge of the court, the Michigan Attorney Grievance Commission or other disciplinary counsel to present grounds why the attorney should not be reinstated and may conduct an evidentiary hearing if factual issues are contested.

  (4)  If the attorney seeking reinstatement has met the burden of proof in subsections (2)(A)-(D), and unless the court finds such irregularities in the proceedings conducted in the other jurisdiction so as to undermine confidence in the result, or finds that there are other compelling reasons for not reinstating the attorney, the application will be granted.

  (5)  In addition to payment of the attorney renewal fee, the court may condition reinstatement on--

    (A)  payment of all or part of the costs of the disciplinary and reinstatement proceedings in this court and may impose any of the conditions of reinstatement imposed in the other jurisdiction, or such other conditions as are warranted.

    (B)  partial or complete restitution to the persons harmed by the misconduct that led to disbarment or suspension.

    (C)  if the disbarment or suspension has been for five years or more, certification by the bar examiners of a state or other jurisdiction of the attorney's successful completion of an examination for admission to practice after the date of disbarment or suspension.

  (6)  An attorney may not file an application for reinstatement under this rule within one year following denial of such an application.

**(j)**  **Service of Papers.** Service of papers on an attorney under this rule may be by mail to the address of the attorney shown on the court's roll of attorneys or the address in the most recent paper the attorney filed in a proceeding in this court.

**(k)**  **Duties of the Clerk.**

  (1)  On being informed that an attorney admitted to practice before this court has been convicted of a serious crime, the clerk will determine whether the court in which the conviction occurred sent a certificate of the conviction to this court. If not, the clerk will promptly obtain a certificate and file it with the court.

  (2)  On being informed that another court or a state has entered an order of discipline

104

against an attorney admitted to practice before this court, the clerk will determine whether a certified copy of the order has been filed with this court. If not, the clerk will promptly obtain a certified copy of the order and file it with the court.

(3) When this court convicts an attorney of a serious crime or enters an order of discipline against an attorney, the clerk will promptly notify the National Discipline Data Bank operated by the American Bar Association.

**(l)** **Other Authority.** Nothing in this rule abridges the court's power to control proceedings before it, including the power to initiate proceedings for contempt under Title 18, United States Code or Fed. R. Crim. P. 42.

> **COMMENT:** The United States Supreme Court has held that "conduct unbecoming" [referred to in (d)], is conduct "contrary to professional standards that show an unfitness to discharge continuing obligations to clients or courts, or conduct inimical to the administration of justice". In re. Snyder, 472 U.S. 634, 645 (1985).
>
> Under LR 83.22(e)(1), a hearing panel assigned as a result of alleged misconduct in relation to a bankruptcy proceeding will consist of two district judges and one bankruptcy judge. Likewise, a hearing panel assigned as a result of alleged misconduct in relation to a magistrate judge's proceeding will consist of two district judges and one magistrate judge.
>
> 28 U.S.C. § 1291 applies to LR 83.22(e)(7).
>
> In 1997, the Judicial Conference of the United States authorized courts to charge, at their option, a fee for renewal of an attorney's admission to practice. The Eastern District of Michigan established the attorney renewal fee effective January 1, 2000 (Administrative Order 99-AO-059).

July 1, 2013

**MEMBERS**
**ALAN GERSHEL**
*CHAIRPERSON*
**PETER A. SMIT**
*VICE-CHAIRPERSON*
**REV. DR. LOUIS J. PRUES**
*SECRETARY*
**LINDA M. ORLANS**
**JASON M. TURKISH**
**ANDREAS SIDIROPOULOS, MD**
**KATIE STANLEY**
**TISH VINCENT**
**KAMILIA K. LANDRUM**

# STATE OF MICHIGAN
# ATTORNEY DISCIPLINE BOARD



333 WEST FORT STREET, SUITE 1700
DETROIT, MICHIGAN 48226-3147
PHONE: 313-963-5553

**WENDY A. NEELEY**
*EXECUTIVE DIRECTOR*

**JOHN K. BURGESS**
*DEPUTY DIRECTOR*

**KAREN M. DALEY**
*ASSOCIATE COUNSEL*

**SHERRY MIFSUD**
*OFFICE ADMINISTRATOR*

**OWEN R. MONTGOMERY**
*CASE MANAGER*

**JODIE GROH**
*CASE MANAGER*

**JULIE M. LOISELLE**
*RECEPTIONIST/SECRETARY*

www.adbmich.org

## NOTICE OF AUTOMATIC INTERIM SUSPENSION

Case No. 24-75-AI

**Notice Issued: August 23, 2024**

Danasia Nikhol Neal, P 83076, Birmingham, Michigan

Effective July 22, 2024

On July 22, 2024, respondent was convicted by a plea of nolo contendere to one count of Controlled Substance - Delivery/manufacture (narcotic or Cocaine) 50 to 449 Grams (Attempt) - MCL 333.7401(2)(a)(iii), a felony, in *State of Michigan v Danasia Nikhol Neal*, Third Circuit Court of Michigan, Case No. 21-007000-01-FH. Upon respondent's conviction and in accordance with MCR 9.120(B)(1), respondent's license to practice law in Michigan was automatically suspended.

Upon the filing of a judgment of conviction, this matter will be assigned to a hearing panel for further proceedings. The interim suspension will remain in effect until the effective date of an order filed by a hearing panel under MCR 9.115(J).